DECISION
{¶ 1} Defendant-appellant, Musa Ikharo, appeals from the May 30, 2002 judgment entry of the Franklin County Court of Common Pleas, finding him guilty of burglary, and sentencing him to three years community control and 90 days incarceration. For the following reasons, we reverse and remand the decision of the trial court.
 {¶ 2} Appellant was indicted on September 27, 2001 for one count of burglary, a felony of the fourth degree. Appellant was tried before a jury on March 12, 2002. During opening statements, defense counsel told the jury:
 {¶ 3} "We have nothing to hide in this case. * * * In this case, the defendant will take the stand * * *." (Tr. 13-14.)
 {¶ 4} However, appellant did not take the stand and testify. The following facts were presented by the prosecution and elicited from testimony of the victim and the investigating officer:
 {¶ 5} On the morning of May 21, 2001, appellant went to the residence of Caroline Steward, the biological mother and custodial parent of appellant's son, Josiah, inquiring as to why Josiah was not in school. Steward told appellant that Josiah was not in school because he had a doctor's appointment. Appellant and Steward exchanged words. According to Steward, she closed the door, locked it, and walked back into her bedroom. Steward testified:
 {¶ 6} "I heard several thuds on the door. It was [appellant] kicking the door. And then the door swung open.
 {¶ 7} "And then I asked him to leave. He didn't leave. So then I picked up the phone. I said, `I'm going to call the police.'
 {¶ 8} "He said, `No, you're not going to call the police.' And he snatched the phone cord out of the wall.
 {¶ 9} "Then I started yelling, `Somebody help me.' And I went out to the front porch and I didn't see anybody. Then I ran into my daughter's room and called 911." (Tr. 24.)
 {¶ 10} Steward made a total of two telephone calls to 911. Steward made the second telephone call from her daughter's bedroom. According to Steward, appellant left when he heard her on the phone making the second call to 911. Steward testified that she is certain that appellant broke down her door and entered her home. (Tr. 49.) Steward testified that she was unable to think clearly, and she was frustrated, bothered, and upset. (Tr. 77.) The frame to the door and the doorjamb were damaged, along with a hole in the wall caused by the doorknob when the door swung open.
 {¶ 11} Officer Greg Bodker, Columbus Division of Police, testified that there was no physical evidence that appellant entered Steward's home. Officer Bodker testified that, at the time he interviewed appellant, appellant did not tell the officer that he kicked in the door and entered the house. Appellant voluntarily told Officer Bodker that after the verbal argument ensued, Steward attempted to close the door, but appellant stuck his arm inside to prevent Steward from closing the door.
 {¶ 12} On March 14, 2002, the jury returned a guilty verdict for burglary. Appellant was sentenced on March 24, 2002. It is from this entry that appellant appeals, assigning the following sole assignment of error:
 {¶ 13} "Appellant was denied effective assistance of counsel."
 {¶ 14} In his sole assignment of error, appellant contends that he is entitled to a new hearing because his trial counsel made "promises to the jury that he did not keep." (Appellant's brief, 8.) In particular, appellant contends that counsel, in his opening statement, indicated that testimony would be presented and appellant would testify as to the "stormy" relationship between appellant and Steward, the special needs of Josiah, and the events of May 21 that precipitated the argument between appellant and Steward. Counsel for appellant also disclosed appellant's previous 1996 convictions for gross sexual imposition and dissemination of pornographic material. Appellant argues that this disclosure of "explosive information resulted in prejudice." (Appellant's brief, 9.)
 {¶ 15} In order to prevail on his claim of ineffective assistance of counsel under Strickland v. Washington (1984), 466 U.S. 668, 686, appellant must show that "counsel's performance fell below an objective standard of reasonableness and that prejudice arose from counsel's performance." State v. Reynolds (1998), 80 Ohio St.3d 670, 674. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland at 686. Thus, a two-part test is necessary to examine such claims. First, appellant must show that counsel's performance was objectively deficient by producing evidence that counsel acted unreasonably. State v. Keith (1997), 79 Ohio St.3d 514, 534. Second, appellant must show that but for the counsel's errors, there is a reasonable probability that the results of the trial would be different. Id.
 {¶ 16} The burden of showing ineffective assistance of counsel is on the defendant. State v. Smith (1985), 17 Ohio St.3d 98. Trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. State v. Sallie (1998), 81 Ohio St.3d 673, 675. Tactical or strategic trial decisions, even if ultimately unsuccessful, do not generally constitute ineffective assistance. State v. Carter (1995), 72 Ohio St.3d 545, 558 ("Judicial scrutiny of counsel's performance is to be highly deferential, and reviewing courts must refrain from second-guessing the strategic decisions of trial counsel"); State v. Carpenter (1996),116 Ohio App.3d 615, 626 (court of appeals is to "presume that a broad range of choices, perhaps even disastrous ones, are made on the basis of tactical decisions and do not constitute ineffective assistance").
 {¶ 17} First, applying part one of the two-part test, we find that appellant has failed to show that his counsel was ineffective in failing to elicit testimony about appellant's relationship with Steward, his son's special learning abilities, and the events of May 21. In his opening remarks, defense counsel stated that appellant would take the stand to testify about his concerns for Josiah's well-being, Josiah's educational difficulties and behavioral problems, and appellant's version of the events as it took place on May 21. (Tr. 14-20.) Although appellant did not take the stand, defense counsel, during cross-examination of Steward, elicited testimony regarding Steward's relationship with appellant, about Josiah's difficulties in school and his behavior problems, along with appellant's involvement in Josiah's life. Furthermore, counsel had the opportunity to cross-examine Officer Bodker regarding the statements appellant voluntarily gave regarding his version of the incident.
 {¶ 18} We do, however, find that appellant has shown that his counsel's performance was deficient by disclosing appellant's prior convictions. In his opening statement, defense counsel made references to appellant's criminal history and intimated that certain testimony was going to be presented. Defense counsel stated:
 {¶ 19} "You'll hear that [appellant] was convicted in the past of gross sexual imposition and dissemination of pornographic material to an underage minor back in 1996." (Tr. 15.)
 {¶ 20} While defense counsel's reference to such record during opening statement may have constituted a sound tactical decision to reduce the shock the jury might have upon learning about such record at trial, it served no purpose because appellant did not take the stand to testify in his own defense. Thus, his prior convictions were irrelevant and prejudicial. While defense counsel, in closing argument, stated that the jury would not have gathered anything further if appellant testified, we nonetheless conclude that defense counsel's performance was deficient for promising the jury appellant would testify, and disclosing appellant's prior conviction for no discernible tactical reason then not making good on his promise.
 {¶ 21} Furthermore, applying part two of the two-part test leads us to conclude that there is a reasonable probability that the results of appellant's trial would be different. The evidence adduced at trial was not sufficient enough to outweigh defense counsel's deficient performance. While Steward testified that she was certain appellant entered her home, Officer Bodker testified that there was no physical evidence of forcible entry. Additionally, Officer Bodker testified that appellant never mentioned that he entered Steward's home. "To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus. After reviewing the record and appellant's arguments, appellant has demonstrated a reasonable probability of a different outcome if defense counsel had not disclosed appellant's prior convictions during opening arguments. As a result, appellant's claim of ineffective assistance of counsel has merit and his sole assignment of error is well-taken.
 {¶ 22} For the foregoing reasons, we find that appellant has met both prongs of the Strickland test in showing that his trial counsel's ineffectiveness so underminded the adversarial process that defendant did not receive a fair trial. Appellant's sole assignment of error is sustained and the judgment of the Franklin County Court of Common Pleas is reversed and remanded for a new trial.
Judgment reversed and remanded.
BOWMAN and BRYANT, JJ., concur.